UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-14085-CV-MOORE/MCCABE

CARYN HALL YOST-RUDGE and
WILLIAM JOHN RUDGE, IV,

      Plaintiffs,

v.

CITY OF STUART, et. al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION ON MOTION TO PROCEED *IN FORMA PAUPERIS* [DE 3]

THIS CAUSE is before the Court upon Plaintiffs' *pro se* Applications to Proceed *In Forma Pauperis*, filed on March 3, 2022 ("Motion") [DE 3], which was referred to the undersigned United States Magistrate Judge by United States District Judge K. Michael Moore. [DE 6]. For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that the Motion be denied and that Plaintiffs' Complaint [DE 1] be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

    I.    **BACKGROUND**

Plaintiffs initiated this action on March 8, 2022. [DE 1]. The Complaint alleges that Defendants violated "Plaintiffs' and their children['s] civil rights, property rights, human rights, homestead rights, and constitutional rights to due process regarding the subject property[], as well as state tort violations for civil conspiracy." *Id.* ¶ 1. According to the Complaint, Plaintiffs Caryn Hall Yost-Rudge and William John Rudge IV "are a separated couple and parents of the

irreparably harmed, minor and dependent child in this case." *Id.* ¶ 9. According to the Complaint, Plaintiffs brought this action against nine Defendants, identified as follows: City of Stuart; Martin County; City of Stuart Police; Paul Joseph Nicoletti, an attorney and a state employee; Robert L. Kilbride, an attorney, a judge, and a state employee; Michael Joseph Mortell, an attorney and a state employee; Frederick G. Sundheim, an attorney; A to Z Properties, a Florida corporation in Fort Pierce; and Associate Auctions, a Limited Liability Company in Stuart. *Id.* ¶¶ 10-18. Along with the Complaint, Plaintiffs contemporaneously filed the instant Motion [DE 3] and filed a Motion for Referral to Volunteer Attorney Program [DE 4].

The undersigned notes that on October 25, 2021, Plaintiffs brought a near-identical claim in this Court related to the same issues and that case was dismissed without prejudice at the motion to proceed *in forma pauperis* stage. *See Yost-Rudge et al v. City of Stuart et al.*, 21-cv-14425 (S.D. Fla. Oct. 25, 2021) (J. Middlebrooks). Defendants in the instant case are also the same from the October 25, 2021 action, with the addition of one Defendant, A to Z Properties, Inc. *See* DE 1.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. The Court's decision to grant permission to proceed *in forma pauperis* is discretionary. *See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). In determining whether to grant such relief, the Court must be satisfied that the requirement of poverty is established. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). In so doing, the Court compares "the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Circ.*, 574 Fed. App'x 916, 917 (11th Cir. 2014).

Here, after a review of Plaintiffs' Motion, it appears that Plaintiffs may be financially unable to pay the filing fee. [DE 3 at 1-4].

However, before this Court considers whether Plaintiffs are entitled to proceed *in forma pauperis*, it is incumbent upon the Court to conduct an initial screening of the merits of Plaintiffs' Complaint under the provisions of section 1915(e)(2)(B). *See Clinton v. Delray Credit Counseling, Inc.*, No. 08-80828-civ., 2008 WL 5054097 at *1 (S.D. Fla. Nov. 26, 2008). As such, the Court must dismiss any such case if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii).

The standard for determining whether a complaint states a claim upon which relief may be granted is the same under section 1915(e)(2) and Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). Therefore, in order to state a claim for relief, a complaint must contain a "short and plain statement of the grounds for the court's jurisdiction," along with a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1-2). To do so, a plaintiff must provide "more than labels and conclusions," and the complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "When it appears that on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate." *Brown v. Potter*, No. 10-60861-Civ, 2010 WL 2670980, at *1 (S.D. Fla. June 4,

2010), *report and recommendation adopted*, No. 10-60861-Civ, 2010 WL 2670981 (S.D. Fla. June 28, 2010).  While pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), the Court has no duty to "re-write" a plaintiff's complaint to find a claim, *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

To establish any "claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005).  Plaintiffs purport to bring this 42 U.S.C. § 1983 action under the Fifth and Fourteenth Amendments for "deprivation of constitutionally protected property and homestead interests, equal protection . . . [and] inadequate due process of law."  [DE 1 ¶ 1].

However, the Complaint alleges violations against three governmental entities, four attorneys,[1] a Limited Liability Company, and a Florida corporation.  *Id.* ¶¶ 10-18.  From what the Court can piece together in its best reading of the Complaint, Plaintiffs have spent the last decade trying to seek relief in state court regarding the auction on their homestead property because the sale left Plaintiffs' family homeless, which prevented their minor child from living in a safe and structured home.  *See generally id.* ¶¶ 1, 19-44.  Plaintiffs claim to have signed the deed to their homestead property for $6,000, which signature was induced by fraud because Plaintiffs were unaware that the buyer of their homestead property intended to develop a townhouse project that would occupy that land.  *See, e.g.*, *id.* ¶ 40.  The exact relief Plaintiffs request is unclear; however, they appear to seek a review of the state court's decisions and

---

[1] The Complaint asserts that one of the attorney Defendants is also a judge.  The Court's review of the Florida Bar website confirms that one Defendant is an administrative law judge for the Division of Administrative Hearings for the State of Florida.

rulings. *Id.* at ¶¶ 19-28. The Court finds that, after reviewing the *pro se* Complaint with proper leniency, the Complaint fails to state any conceivable cause of action or appropriate claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Moreover, to the extent that Plaintiffs seek relief from harm caused by a judgment or judgments rendered in a state court action, the *Rooker-Feldman* doctrine would likely apply to bar this action. Under the *Rooker-Feldman* doctrine, lower federal courts are precluded from reviewing state court judgments, *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009), "no matter how erroneous or unconstitutional the state court judgment may be." *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) (citation omitted). The doctrine applies to claims that are "inextricably intertwined" with a state court judgment, such that "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *May v. Capote*, 149 F. App'x 913, 915 (11th Cir. 2005) (quoting *Goodman ex rel. Goodman v. Sipos*, 259 F. 3d 1327, 1332 (11th Cir. 2001)). In other words, the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Moreover, to the extent that a final judgment has not yet been rendered in the state action, Plaintiffs are advised that the proper forum is the state court in which proceedings are ongoing.

Finally, even if the Court were to construe the Complaint as attempting to assert state law causes of action, separate from seeking review of a judgment entered in state court, the Court would lack jurisdiction over any such claims because (1) the Complaint alleges that the parties are all Florida citizens and (2) there are no allegations in the Complaint sufficient for the Court to find that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

## III. RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that Plaintiffs' Applications to Proceed *In Forma Pauperis* [DE 3] be **DENIED**, that the case be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and that all other pending motions be **DENIED AS MOOT**.

## IV. NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge K. Michael Moore. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 24th day of March 2022.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

cc: counsel of record; Plaintiffs, *pro se*.