UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:22-cv-14085-KMM

CARYN HALL YOST-RUDGE, *et al.*,

    Plaintiffs,
v.

CITY OF STUART, *et al.*,

    Defendants.
                                  /

**ORDER ON REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon the Report and Recommendation on Motion to Proceed *In Forma Pauperis* of the Honorable Ryon M. McCabe, United States Magistrate Judge. ("R&R") (ECF No. 8). Therein, Magistrate Judge McCabe recommends that the Court dismiss the action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). *Id.* at 6. *Pro se* Plaintiffs Caryn Hall Yost-Rudge and William John Rudge IV ("Plaintiffs") timely filed objections to the Report and Recommendation. ("Objs.") (ECF No. 9). The matter is now ripe for review. As set forth below, the Court ADOPTS IN PART the Report and Recommendation.

**I.    BACKGROUND**

This case arises from an alleged scheme by Defendants to render Plaintiffs' family homeless through the fraudulent transfer of Plaintiffs' home over a decade ago. *See generally* ("Compl.") (ECF No. 1). Plaintiffs are Florida residents who "are a separated couple and parents of the irreparably harmed, minor and dependent child in this case." *Id.* at 3.[1] Since 2009, Plaintiffs have filed a series of cases in state and federal courts against various attorneys and municipal

---

[1] Citations to the Complaint refer to page numbers due to the Complaint's inconsistent numbering of paragraphs.

bodies alleged to have been complicit in the scheme.[2] *Id.* at 4–11. Plaintiffs brought this action against nine defendants: the City of Stuart; Martin County; the City of Stuart Police; Paul Joseph Nicoletti, an attorney and state employee; Robert L. Kilbride, an attorney, judge, and state employee; Michael Joseph Mortell, an attorney and state employee; Frederick G. Sundheim, an attorney; A to Z Properties, a Florida corporation in Fort Pierce, Florida; and Associate Auctions, a limited liability company in Stuart, Florida (collectively, "Defendants"). *Id.* at 3–4. Plaintiffs allege that "Defendants did, individually and collectively, under color of state law, violate the Plaintiffs' and their childrens' [sic] civil rights, property rights, human rights, homestead rights, and constitutional rights to due process regarding the subject property: 1701 SW Palm City Road, Stuart, Florida, as well as state tort violations for civil conspiracy." *Id.* at 1–2. Plaintiffs bring their action as a civil rights case pursuant to 42 U.S.C. § 1983.[3] *Id.* Plaintiffs request a trial by jury, general and special compensatory damages, punitive damages, and "[s]uch further and different relief as is just and proper or that is necessary to make the Plaintiffs whole and return a minor child to her safe-structured home on the legal homestead of the family." *Id.* at 16. Along with the Complaint, Plaintiffs filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP Mot.") (ECF No. 3) and Motion for Referral to Volunteer Attorney Program (ECF No. 4).

On March 9, 2022, the Court referred this case to Magistrate Judge McCabe to "take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters including discovery, and for a Report and Recommendation on any dispositive matters." (ECF No. 6). On March 24, 2022, upon a *sua sponte* review of the record, Magistrate Judge McCabe

---

[2] The Complaint lists at least thirteen "judicially noticed related" actions and appeals filed by Plaintiffs in state and federal courts since 2009. *See* Compl. at 9–10; Objs. at 3.

[3] As noted above, Plaintiffs also assert unspecified "state tort violations for civil conspiracy" against all Defendants. *Id.* at 2.

issued a Report and Recommendation, recommending that the matter be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).[4] *See generally* R&R. Notably, the Report and Recommendation identifies that "Plaintiffs brought a near-identical claim in this Court related to the same issues and that case was dismissed without prejudice at the motion to proceed *in forma pauperis* stage." *Id.* at 2 (citing *Yost-Rudge v. City of Stuart*, No. 2:21-cv-14425 (S.D. Fla. Oct. 25, 2021) (Middlebrooks, J.)).

## II. LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

However, a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate

---

[4] Following the Court's referral of this matter to Magistrate Judge McCabe for a report and recommendation, Plaintiffs filed a Notice of Non Consent [sic] to Proceed Before a United States Magistrate Judge. (ECF No. 7). Therein, Plaintiffs state that they "fear if they consent to Magistrate McCabe, perhaps Judge Moore will preside precipitating an issue on appeal for Defendants" due to "the perjuries of Defendant Kilbride to Judge Kevin Michael Moore on May 11, 2012." *Id.* at 1. Plaintiffs apparently refer to the Court's decision in *Rudge v. City of Stuart*, No. 2:11-cv-14306, 2012 WL 12950485 (S.D. Fla. Feb. 7, 2012), *aff'd*, 489 F. App'x 387 (11th Cir. 2012), which granted summary judgment to the City of Stuart on § 1983 claims brought by William John Rudge IV, one of the plaintiffs in this matter. To the extent that Plaintiffs seek the undersigned's recusal, the Court notes that "adverse rulings alone, either in the same or a related case, are insufficient to demonstrate a court's impartiality absent a showing of pervasive bias." *See Johnson v. Monaco*, 350 F. App'x 324, 326 (11th Cir. 2009). Plaintiffs make no such showing.

judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992))).

When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *see Lopez v. Berryhill*, No. 1:17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge must "evaluate portions of the R & R not objected to under a clearly erroneous standard of review.").

## III. DISCUSSION

As set forth in the Report and Recommendation, Magistrate Judge McCabe "finds that, after reviewing the *pro se* Complaint with proper leniency, the Complaint fails to state any conceivable cause of action or appropriate claim for relief." R&R at 5 (citing 28 U.S.C. § 1915(e)(2)(B)). The Court agrees.

Magistrate Judge McCabe notes that Plaintiffs have pursued claims related to the allegedly fraudulent transfer of their home in state and federal court for over a decade. *Id.* at 2, 4–5. Magistrate Judge McCabe finds that, to the extent Plaintiffs seek this Court's review of a state court decision, the *Rooker-Feldman* doctrine would likely apply to bar this action. *Id.* at 5; *see Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009) (noting that lower federal courts are

precluded from reviewing state court judgments no matter how erroneous or unconstitutional the state court judgment may be"). To the extent Plaintiffs seek this Court's intervention in a state court case where no final judgment has been rendered, Magistrate Judge McCabe advises Plaintiffs "that the proper forum is the state court in which proceedings are ongoing." *Id.* at 5. Finally, Judge McCabe finds that the Court lacks jurisdiction over any remaining state law causes of action because the allegations in the Complaint do not satisfy this Court's diversity jurisdiction. *Id.*; *see* 28 U.S.C. § 1332(a).

In response, Plaintiffs present eight objections to the Report and Recommendation. *See generally* Objs. Plaintiffs' first, second, and sixth objections offer additional details and commentary regarding Judge McCabe's findings but do not specifically disagree with anything in the Report and Recommendation. Accordingly, this Court finds those objections to be without merit.

Plaintiffs' third objection quibbles with Magistrate Judge McCabe's description that "Plaintiffs claim to have signed the deed to their homestead property for $6,000." Objs. ¶ 3 (quoting R&R at 5). Plaintiffs object to clarify that only William John Rudge IV signed the deed and that a state appellate court rendered a decision in favor of Plaintiffs on that matter. *See id.* Upon a review of the Complaint, and without expressing any views as to the merits of this claim, the Court sustains Plaintiffs' third objection. *See* Compl. at 13. However, this objection does nothing to cure the defects otherwise identified in the Report and Recommendation.

In their fourth, fifth, and seventh objections to the Report and Recommendation, Plaintiffs strenuously disagree with Magistrate Judge McCabe's characterization that Plaintiffs seek review of a state court decision. This Court finds these objections to be without merit. The Complaint is replete with allegations that various state trial and appellate courts have failed to properly

5

adjudicate Plaintiffs' disputes regarding the loss of their home—and the bulk of Plaintiffs' factual allegations concern their efforts to overturn a May 20, 2020 state court order. *See* Compl. at 4–10. As far as this Court can tell, Plaintiffs' claims that Defendants violated federal law all concern purportedly unlawful state court decisions. In any case, Plaintiffs admit in their seventh objection that they "are . . . seeking a review of a judgment entered in the state court." Plaintiffs fourth, fifth, and seventh objections are therefore without merit.

Finally, Plaintiffs appear to object to Magistrate Judge McCabe's jurisdiction in this matter. Objs. ¶ 8. As noted above, Plaintiffs filed a Notice of Non Consent [sic] to Proceed Before a United States Magistrate Judge. *See* (ECF No. 7). The Court referred this matter to Judge McCabe pursuant to 28 U.S.C. § 636 "to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters including discovery, and for a Report and Recommendation on any dispositive matters." *See* (ECF No. 6). A magistrate judge may "conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion" with few exceptions. *See* 28 U.S.C. § 636(b)(1)(B). Plaintiffs' consent was not needed for Magistrate Judge McCabe to review Plaintiffs' Complaint and issue the Report and Recommendation. *See U.S. Bank, N.A. ex rel. LSF8 Master Participation Tr. v. Tobin*, 754 F. App'x 843, 846 (11th Cir. 2018) (noting that a party's consent is not needed for a magistrate judge to review any motion or to issue a report and recommendation to the district court). Therefore, Plaintiffs' final objection is without merit.

## IV. CONCLUSION

Accordingly, UPON CONSIDERATION of the report and recommendation, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge McCabe's R&R (ECF No. 8) is ADOPTED IN PART

6

subject to the above-stated clarification regarding Plaintiffs' third objection. This case is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is INSTRUCTED to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida this <u>2nd</u> day of June, 2022.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record